Case 4:23-cv-00675-Y   Document 1-5   Filed 06/29/23   Page 1 of 5   PageID 17

Filed for Record at
11/29/2022 12:18 PM
Susan Culpepper
Clerk of the 266th District Court
Erath County, Texas

CAUSE NO. 22CVDC-00115

| | | |
|---|---|---|
| JONATHAN UBBENGA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ERATH COUNTY, TEXAS |
| | § | |
| TARLETON STATE UNIVERSITY | § | |
| | § | 266th |
| Defendant | § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Jonathan Ubbenga (hereinafter sometimes referred to as "Plaintiff"), Plaintiff herein, complaining of Tarleton State University (hereinafter, referred to as "Defendant"). For cause of action, Plaintiff would respectfully show the Court the following:

**I.**

**DISCOVERY CONTROL PLAN**

Discovery in this case is intended to be conducted under Level 3 in accordance with the Texas Rules of Civil Procedure, Rule 190.1.

**II.**

**CLAIM FOR RELIEF**

Plaintiff seeks only monetary relief of $100,000.00, or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

**III.**

**PARTIES**

**EXHIBIT 5**

Plaintiff Jonathan Ubbenga is an individual currently a resident of the State of Texas. As required by the Texas Civil Practice & Remedies Code, 30.014, the last three digits of Plaintiff's social security number and Texas driver's license numbers are 582 and 140, respectively.

Defendant, Tarleton State University is a state university with its principal location in Erath County, Texas, and may be served by serving its President, Dr. James Hurley, at the president's office at Tarleton State University, T-0001, Stephenville, TX, or in the alternative, by service on the Texas Secretary of State, Executive Division, 1100 Congress, Capitol Bldg., Room 1E.8, Austin, Texas 78701.

## 1V.

## JURISDICTION

Plaintiff resides in the State of Texas and was previously an employee of Defendant.

Defendant is a Texas University in the Texas A&M University System and was once the employer of Plaintiff.

## V.

## VENUE

Venue is proper in Erath County under § 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to the claims stated herein arose in Tarrant County.

## VI.

## FACTS

Plaintiff is a baseball coach who was hired by Defendant in August of 2019 to be an assistant coach of the men's baseball team at Defendant. Each year of his employment, Plaintiff was presented a document entitled "Memorandum of Understanding" which purported to set forth

the terms of the employment contract between Plaintiff and Defendant. In some years, such as 2022, when the document was presented to Plaintiff, it had already been signed by the Vice President of Intercollegiate Athletics, the individual to whom was delegated the responsibility of approval of such contracts each year. Plaintiff would sign it and return it to the appropriate individual at the University to receive such contracts.

In May of 2022, Plaintiff received his proposed contract (the Agreement) for the term of June 1, 2022, through May 31, 2023. It had been signed by Lonn Reisman, the Vice President of Intercollegiate Athletics for Defendant, and on May 26, 2022, Plaintiff executed the agreement and returned it to Defendant, and on June 1, 2022, Plaintiff began working under the new contract.

On June 6, 2022, Aaron Meade, the head coach of the men's baseball team at Defendant, called Plaintiff into his office and told him words to the effect that: "Man this is the hardest thing I've ever had to do but we are going to go in another direction and let you go. I just need someone that can come in and really get after it and with you and your wife having the new baby, I just don't think it's fair to ask of you to be out on the road recruiting all the time. I need someone who can sometimes even be on the road for 14 days straight. I just don't think that would be fair to you or your family, so we are letting you go." Consequently, Coach Meade informed Plaintiff that he was giving him notice of his dismissal and Plaintiff was later given written notice dated June 24, 2022, that his dismissal would be effective July 12, 2022. Plaintiff was not terminated for "cause" and under paragraph 6 of the Contract was entitled to be paid an amount equal to the base salary payable during the remaining term of the Agreement. Plaintiff's base salary under the Agreement was $46,000, and he was actually paid $5,333.66 from June 1, 2022, through July 12, 2022, and he is entitled to recover $40,666.34 under the Agreement.

## VII.

## **BREACH OF CONTRACT**

The action of Defendant in refusing to pay Plaintiff the amounts owed under the Agreement when he was terminated by Defendant constitutes a material breach of the contract between Plaintiff and Defendant under Texas law for which Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Before the filing of this Petition, Plaintiff made written demand for payment upon Defendant, but no such payment has been forthcoming, in whole or in part. As a result of Defendant's breach of its agreements with Plaintiff, Plaintiff has already been damaged in the amount of $40,666.34.

## VIII.

## **ATTORNEYS' FEES**

As a result of Defendants' unlawful actions set forth herein, Plaintiff has been required to retain the services of the law firm of David Fielding, pc to represent its interests and is entitled to recover of and from Defendant all reasonable attorney's fees to compensate such attorneys for their services performed in connection with this lawsuit. Plaintiff gave Defendant appropriate notice of his claims as required by §38.001 of the Texas Civil Practice and Remedies Code, and Defendant should be ordered to pay such reasonable attorney's fees to Plaintiff herein.

## IX.

## **JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues so triable.

## X.

## **REQUEST FOR DISCLOSURE**

Under the authority of Texas Rule of Civil Procedure 194, Plaintiff requests Defendant to disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear and answer herein, and that, upon final trial of this cause, Plaintiff have judgment against Defendant in an amount within the jurisdictional limits of this Court, that Plaintiff recover interest on the judgment at the legal rate, pre-judgment interest, costs of court, reasonable attorney's fees, and such other and further relief, both general and special, legal and equitable, to which Plaintiff is justly entitled.

Respectfully submitted,

/s/ *David Fielding*
David Fielding
State Bar No. 06974500

DAVID FIELDING, pc
101 Summit Ave., Suite 1010
Fort Worth, Texas 76102
(817) 529-6070 Telephone
(817) 529-0037 Facsimile
Email: dfielding@fieldingpc.com

**ATTORNEYS FOR PLAINTIFF**