Case 4:23-cv-00675-Y   Document 1-9   Filed 06/29/23   Page 1 of 7   PageID 29

22CVDC-00115

Filed for Record at
3/17/2023 4:51 PM
Susan Culpepper
Clerk of the 266th District Court
Erath County, Texas

CAUSE NO. 22CVDC-00115

| | | |
|---|---|---|
| JONATHAN UBBENGA, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | ERATH COUNTY, TEXAS |
| | § | |
| TARLETON STATE UNIVERSITY, | § | |
| | § | |
| *Defendant* | § | 266TH JUDICIAL DISTRICT |

### DEFENDANT'S PLEA TO THE JURISDICTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, Tarleton State University (TSU), by and through the Attorney General of Texas, and respectfully files this Plea to the Jurisdiction:

### PLEA TO THE JURISDICTION

Jonathan Ubbenga ("Plaintiff") filed suit against Tarleton State University ("TSU") for damages and declaratory relief relating to an alleged breach of employment contract. In doing so, Plaintiff failed to allege facts that demonstrate a waiver of sovereign immunity. The Court should therefore dismiss Plaintiff's lawsuit against the TSU for want of jurisdiction.

### BACKGROUND

Plaintiff was a baseball coach at TSU. He worked for TSU as a contract employee beginning in 2019. Plaintiff's most recent contract term expired in May of 2022. Shortly thereafter, TSU informed Plaintiff—then employed at



will—that they would not offer him a contract for the upcoming year and that his employment would terminate on July 12, 2022.

Plaintiff subsequently brought this lawsuit against TSU alleging breach of contract. Notwithstanding the fact that TSU and Plaintiff never entered into a binding agreement upon which Plaintiff could sue, Plaintiff has not met his burden to plead a valid waiver of sovereign immunity. And in fact, no waiver of sovereign immunity exists for this garden-variety breach of contract claim. As a result, this Court lacks jurisdiction and must dismiss Plaintiff's suit.

## LEGAL STANDARD

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. V. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). In other words, a plea to the jurisdiction challenges a court's authority to decide a claim. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 149 (Tex. 2012).

Subject-matter jurisdiction is essential to the authority of a court to decide a claim. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). Without subject-matter jurisdiction, a court's decision is an advisory opinion, which is prohibited by the Texas Constitution. *Id.* at 444. A defendant may file a plea to the jurisdiction to contest a trial court's subject-matter jurisdiction. *Tex. Dep't of Transp. V. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (citations omitted).

Sovereign immunity from suit defeats a trial court's subject-matter jurisdiction in an action against an entity of the State unless the State expressly

consents to suit. *Id*. at 638. Therefore, a Plaintiff who files suit against a State agency—in addition to satisfying the general jurisdictional prerequisites, such as standing—must affirmatively demonstrate that the Texas Legislature has expressly consented to suit against the State entity for its claims. *Id.*

It is the plaintiff's burden to affirmatively demonstrate the court's jurisdiction. *Heckman,* 369 S.W.3d at 150. In deciding whether a plaintiff has met this burden, the court first looks to a plaintiff's petition to determine whether the facts pled in the petition affirmatively demonstrate that jurisdiction exists. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). And "[i]f the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Crampton v. Farris*, 596 S.W.3d 267, 273 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (citing *Tex. Dep't of Parks and Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex. 2004)).

## ARGUMENT

**A.     TSU is a state university entitled to sovereign immunity.**

As its name suggests, TSU is a state university and one that is under the umbrella of the Texas A&M University System.  Tex. Educ. Code § 87.001.  Like other institutions in state public university systems, TSU enjoys sovereign immunity. *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *see also Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.—Houston [14th Dist.] 2007, no pet.).   Consequently, Plaintiff *must* plead a valid waiver of sovereign immunity to survive a plea to the jurisdiction.  *Holland*, 221 S.W.3d at 642-43.

**B.    Plaintiff's garden variety breach of contract claim fails to meet its burden to overcome sovereign immunity.**

In his First Amended Petition, Plaintiff alleges one solitary claim—that TSU breached an employment contract. First Amend. Pet. at 4. But Plaintiff identifies no statutory or constitutional authority showing that sovereign immunity has been waived for these claims. In fact, Plaintiff has not alleged any basis for waiver of sovereign immunity. And even if Plaintiff could do so—he cannot—he would be unable to prove that an enforceable contract existed between the Parties.

TSU cannot itself waive sovereign immunity from suit either explicitly or implicitly through its conduct. *Texas A&M Univ. Sys. V. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Only the legislature may do so. *Jones*, 8 S.W.3d at 638. Unsurprisingly, the Legislature has not waived sovereign immunity for breach of contract claims. And should Plaintiff wish to sue TSU for breach of contract, he must seek special permission from the legislature. Tex. Civ. Prac. & Rem. Code § 107.002; *see also Koseoglu*, 233 S.W.3d at 840.

## CONCLUSION AND PRAYER

Absent Plaintiff pleading some valid waiver of sovereign immunity TSU cannot be sued for breach of contract. Because Plaintiff has failed to do so, TSU is entitled to sovereign immunity, and the Court is deprived of jurisdiction. For that reason, the Court should dismiss this lawsuit and Plaintiff take nothing from his claims.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

*/s/Zachary L. Rhines*
ZACHARY L. RHINES
Assistant Attorney General
Texas Bar No.24116957
General Litigation Division
P.O. Box 12548, Capitol Station – MC-019-1
Austin, Texas 78711-2548
(512) 463-9911 | FAX: (512) 320-0667
Zachary.Rhines@oag.texas.gov

**COUNSEL FOR DEFENDANT
TARLETON STATE UNIVERSITY**

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 17, 2023, *Defendant's Plea to the Jurisdiction* was served on the following via eFileTexas.gov service:

| | |
|---|---|
| David Fielding | **Via E-FileTexas** |
| David Fielding, PC | |
| 101 Summit Ave., Suite 1010 | |
| Fort Worth, Texas 76102 | |
| dfielding@fieldingpc.com | |

**COUNSEL FOR PLAINTIFF**

                                  /s/ *Zachary Rhines*
                                  ZACHARY L. RHINES
                                  Assistant Attorney General

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Karen Walters on behalf of Zachary Rhines
Bar No. 24116957
karen.walters@oag.texas.gov
Envelope ID: 73783669
Filing Code Description: No Fee Documents
Filing Description: TSU Plea to the Jurisdiction
Status as of 3/20/2023 8:03 AM CST

Associated Case Party: Jonathan Ubbenga

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Fielding | 6974500 | dfielding@fieldingpc.com | 3/17/2023 4:51:24 PM | SENT |

Associated Case Party: Tarleton State University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 3/17/2023 4:51:24 PM | SENT |