22CVDC-00115

Case 4:23-cv-00675-Y   Document 1-11   Filed 06/29/23   Page 1 of 12   PageID 39

Filed for Record at
5/26/2023 5:09 PM
Susan Culpepper
Clerk of the 266th District Court
Erath County, Texas

CAUSE NO. 22CVDC-00115

| | | |
|---|---|---|
| JONATHAN UBBENGA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ERATH COUNTY, TEXAS |
| | § | |
| TARLETON STATE UNIVERSITY | § | |
| | § | |
| Defendant | § | 266th JUDICIAL DISTRICT |

**PLAINTIFF'S RESPONSE TO DEFENDANT TARLETON STATE UNIVERSITY'S PLEA TO THE JURISDICTION AND BRIEF IN SUPPORT**

NOW COMES Jonathan Ubbenga ("Ubbenga" or "Plaintiff"), and files this his Response (the "Response") to Defendant Tarleton State University's Plea to the Jurisdiction (the "Plea") and would respectfully show the court as follows:

Plaintiff sued Tarleton State University ("Defendant"), alleging a cause of action for breach of contract in connection with the executed written contract signed by Ubbenga and Defendant's Vice President of Intercollegiate Athletics. Defendant asserts in the Plea that this case should be dismissed under the doctrine of sovereign immunity.

I.

**EVIDENCE IN OPPOSITION TO DEFENDANT'S**

**MOTION FOR SUMMARY JUDGMENT**

Exhibit "A" - Affidavit of Jonathan Ubbenga.

1



## II.
## FACTS

Ubbenga began his employment with defendant as an assistant baseball coach in August of 2019 with the understanding that he would be offered year-to-year renewable contracts each year with Defendant so long as his performance was satisfactory. This gave Ubbenga not only a one year contract each year, but also an expectation of continuous employment as a property right in a tenure-like employment situation. Each year of his employment, in the spring, he was offered a new one-year contract for the upcoming year signed by the Athletic Director, who was the individual at the University delegated the authority to sign such contracts.

In May of 2022, Ubbenga received his new agreement signed by the athletic director on May 26, 2022, and he promptly signed it and sent it back to the university, as he had done each year of his employment with Defendant. Coincidentally, Ubbenga and his wife had just been blessed with the birth of their third child on June 2, 2022, and Ubbenga was excited to begin his new year with the ability to continue to support his family for another year. The new contract year began on June 1, 2022, and Ubbenga continued to work under the new contract.

On June 6, 2022, Aaron Meade, the head coach of the men's baseball team at Defendant, called Plaintiff into his office and told him, at the direction of Reismann, words to the effect that: "Man this is the hardest thing I've ever had to do but we are going to go in another direction and let you go. I just need someone that can come in and really get after it and with you and your wife having the new baby, I just don't think it's fair to ask of you to be out on the road recruiting all the time. I need someone who can sometimes even be on the road for 14 days straight. I just don't think that would be fair to you or your family, so we are letting you go." Consequently, Coach Meade informed Plaintiff that he was giving him notice of his dismissal and Plaintiff was later given written

2

notice dated June 24, 2022, that his dismissal would be effective July 12, 2022. Plaintiff was not terminated for "cause" and under paragraph 6 of the Contract was entitled to be paid an amount equal to the base salary payable during the remaining term of the Agreement. Plaintiff's base salary under the Agreement was $46,000, and he was actually paid $5,333.66 from June 1, 2022, through July 12, 2022, and he is entitled to recover $40,666.34 under the Agreement.

### III.

### THE PLEA

Defendant alleges in the Plea that Ubbenga cannot bring his suit because it is barred by the doctrine of sovereign immunity.

### IV.

### LEGAL STANDARDS

*Plea to the Jurisdiction.* The purpose of a plea to the jurisdiction is to consider the dismissal of a cause of action without regard to whether the claim has merit. *Bland ISD v. Blue*, 34 S.W.3d 547 (Tex. 2000). A plea to the jurisdiction urges that the court lacks the power to determine the subject matter of the suit. *City of Cleburne v. Trussel*, 10 SW3d 407, 410 (Tex. App. – Waco 2000, no pet.). Whether a court has subject-matter jurisdiction is a question of law. *City of Dallas v. Carbajal,* 324 S.W.3d 537 (Tex. 2010). The plaintiff must plead facts which affirmatively show that the trial court has jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.,* 852 SW2d 440 (Tex. 1993). Absent an allegation that the plaintiff's jurisdictional pleadings are fraudulent, the court must take the allegations in the petition as true and must construe them liberally in favor of the plaintiff when ruling on the pleading. *Id.; Continental Coffee Prods. Co. v. Cazarez*, 937 SW2d 444, 449 (Tex. 1996); *Texas Dep't of Mental Health and Mental Retardation v. Pearce*, 16 SW3d

3

456, 459-60 (Tex. App. Waco, 2000, no pet. h.) If the facts alleged fail to establish the court's jurisdiction, the plaintiff should be allowed the opportunity to amend the petition. *Texas Ass'n of Bus.*, 852 SW2d at 446. Stated another way, "the trial court must allow a plaintiff the opportunity to amend its pleadings to cure a jurisdictional defect so long as the plaintiff has not affirmatively pled itself out of court[.]" *Ramirez*, 900 SW2d at 906

## V.

## PLAINTIFFS' RESPONSE TO PLEA

1. **Ubbenga had a property right to the benefits of his employment contract that was violated by the termination of his employment during the term of the agreement.**

   In *Courtney v. The University of Texas* System, 806 S.W.2d 277 (Tex.App.- Fort Worth 1991, *no pet.*), the Fort Worth Court of Appeals recognized that a non-tenured instructor at a state university may maintain a claim to recover for a vested property right in a "tenure-like" fact-pattern virtually identical to Ubbenga's. This case gives the former employee the right to assert his claim for the property benefit to which he was entitled under his contract and defeats the sovereign immunity defense.

2. **Defendant's actions against Ubbenga because he and his wife had recently given birth to their third child violated Ubbenga's Constitutional right to procreation.**

   Both the Texas Constitution and the United States Constitution protect an individual's right to procreate. *City of Sherman* v. *Henry*, 928 S.W. 2d 464 (Tex. 1996). In *Sherman*, the Texas Supreme Court stated as follows at pp. 467-468:

   > [T]he United States Supreme Court has recognized that at least two different kinds of privacy interests are protected by the United States Constitution.

4

The first type of privacy protects an individual's interest in avoiding the disclosure of personal information. *Whalen v. Roe,* 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). This interest is the "right to be let alone," which has been characterized as "the right most valued by civilized men." *Id.* at 599 & n. 25, 97 S.Ct. at 876 & n. 25 (quoting *Olmstead v. United States,* 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944 (1928)(Brandeis, J., dissenting)). The second constitutionally protected privacy interest is the right to make certain kinds of important decisions and to engage in certain kinds of conduct. *Whalen,* 429 U.S. at 600, 97 S.Ct. at 876–77. This interest protects individual autonomy in making decisions and conduct relating to marriage, procreation, contraception, family relationships, child rearing, and education. *468 *Id.* at 600 & n. 26, 97 S.Ct. at 876–77 & n. 26. The first privacy interest focuses on government action that is intrusive or invasive; the second concerns decisions or conduct by individuals. The United States Supreme Court and lower federal courts have consistently recognized the dichotomy between these two distinct aspects of the privacy right. *See, e.g., United States v. Reporters Comm. for Freedom of the Press,* 489 U.S. 749, 762, 109 S.Ct. 1468, 1476, 103 L.Ed.2d 774 (1989); *Bellotti v. Baird,* 443 U.S. 622, 655, 99 S.Ct. 3035, 3054, 61 L.Ed.2d 797 (1979)(Stevens, J., concurring); *Woodland v. City of Houston,* 940 F.2d 134, 138 (5th Cir.1991); *Fleisher v. City of Signal Hill,* 829 F.2d 1491, 1497 n. 5 (9th Cir.1987), *cert. denied,* 485 U.S. 961, 108 S.Ct. 1225, 99 L.Ed.2d 425 (1988); *Thorne v. City of El Segundo,* 726 F.2d 459, 468 (9th Cir.1983), *cert. denied,* 469 U.S. 979, 105 S.Ct. 380, 83 L.Ed.2d 315 (1984); *Schachter v. Whalen,* 581 F.2d 35, 37 (2d Cir.1978).

In *Texas State Employees Union v. Texas Department of Mental Health & Mental Retardation,* 746 S.W.2d 203 (Tex.1987)(hereinafter *TSEU* ), this Court noted that the Texas Constitution contains "several provisions similar to those in the United States Constitution that have been recognized as implicitly creating protected 'zones of privacy.' " *Id.* at 205. We also noted that "a right of individual privacy is implicit among those 'general, great, and essential principles of liberty and free government' established by the Texas Bill of Rights." *Id.* (quoting TEX. CONST. art. I, Introduction to the Bill of Rights).

Defendant's actions in firing Ubbenga for having a third child violated this Constitutional right to procreate. Ubbenga seeks equitable relief through a Declaratory Judgment action to declare that he is owed the amounts promised in his contract. Such an action defeats the Sovereign Immunity defense asserted herein. See: *Frasier v. Yanes,* 9 S.W. 3d 422 (Tex App. – Austin 1999 no pet.). He also seeks relief under 42 U.S.C. §1983 to protect his constitutional rights.

## VI.

5

## CONCLUSION

Based upon the above, the evidence in support of this Response, and the argument and authorities cited herein, Plaintiff respectfully requests that the Court deny the Plea in all respects and that his claims proceed to trial.

Respectfully submitted,

*/s/David Fielding*
David Fielding
State Bar No. 06974500

DAVID FIELDING, P.C.
DAVID FIELDING, pc
101 Summit Ave., Suite 1010
Fort Worth, Texas 76102
(817) 996-8673 Telephone
(682) 250-7109 Facsimile
Email: dfielding@fieldingpc.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing instrument was sent to Defendant's counsel of record in accordance with the Texas Rules of Civil Procedure:

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

CHRISTOPHER D. HILTON
Chief, General Litigation Division

ZACHARY L. HINES
Assistant Attorney General

Dated this the 26TH day of April, 2023.

*/s/David Fielding*
David Fielding

# EXHIBIT A

CAUSE NO. 22CVDC-00115

| | | |
|---|---|---|
| JONATHAN UBBENGA | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| VS. | § | ERATH COUNTY, TEXAS |
| TARLETON STATE UNIVERSITY | § | |
| Defendant | § | 266th JUDICIAL DISTRICT |

**PLAINTIFF'S AFFIDAVIT IN RESPONSE TO DEFENDANT TARLETON STATE UNIVERSITY'S PLEA TO THE JURISDICTION**

STATE OF TEXAS       §

COUNTY OF TARRANT    §

BEFORE ME, the undersigned authority, personally appeared Jonathan Ubbenga, known by me to be the person whose name is subscribed below, who being by me duly sworn, deposed as follows:

1. My name is Jonathan Ubbenga. I am the plaintiff in Ubbenga v. Tarleton State University, Cause No. 22CVDC-00115, in the District Court of Erath County, Texas (the "Suit"). I am over 18 years of age and am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am a former employee at Tarleton State University ("Defendant" herein), where I worked as a baseball coach. I began my employment with defendant as an assistant baseball coach in August of 2019 with the understanding that I would be offered year-to-year renewable contracts with Defendant so long as my performance was satisfactory.

3. Each year of my employment, in the spring, I was offered a new one-year contract for the upcoming year signed by the Athletic Director, who was the individual at the University delegated the authority to sign such contracts.

4. In May of 2022, I received my new agreement signed by the athletic director on May 26, 2022, and I promptly signed it and sent it back to the university, as I had done each year of my employment with Defendant. Coincidentally, my wife and I were about to be blessed with the birth of our third child, and the birth occurred on June 2, 2022. I was excited to begin his new year with the ability to continue to support his family for another year. The new contract year began on June 1, 2022, and I continued to work under the new contract.

5. On June 6, 2022, Aaron Meade, the head coach of the men's baseball team at Defendant, called me into his office and told me words to the effect that: "Man this is the hardest thing I've ever had to do but we are going to go in another direction and let you go. I just need someone that can come in and really get after it and with you and your wife having the new baby, I just don't think it's fair to ask of you to be out on the road recruiting all the time. I need someone who can sometimes even be on the road for 14 days straight. I just don't think that would be fair to you or your family, so we are letting you go." Consequently, Coach Meade informed me that he was giving me notice of my dismissal and I was later given written notice dated June 24, 2022, that my dismissal would be effective July 12, 2022. I was not terminated for "cause" and under paragraph 6 of the Contract was entitled to be paid an amount equal to the base salary payable during the remaining term of the Agreement. My base salary under the Agreement was $46,000, and I was actually paid $5,333.66 from June 1, 2022, through July 12, 2022.

6. "Further Affiant sayeth not."

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Jonathan Ubbenga

SWORN TO AND SUBSCRIBED BEFORE ME, the undersigned authority on this 4 day of May, 2023.

```
BENJAMIN CULLEN
NOTARY PUBLIC-STATE OF ARKANSAS
SEBASTIAN COUNTY
My Commission Expires 07-31-2026
Commission # 12706360
```

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Notary Public, State of ~~Texas~~ AR

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 76068008
Filing Code Description: Answer/Response
Filing Description:
Status as of 5/30/2023 8:09 AM CST

Associated Case Party: Jonathan Ubbenga

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Fielding | 6974500 | dfielding@fieldingpc.com | 5/26/2023 5:09:38 PM | SENT |

Associated Case Party: Tarleton State University

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Zachary L.Rhines | | zachary.rhines@oag.texas.gov | 5/26/2023 5:09:38 PM | SENT |