```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION


JONATHAN UBBENGA                   §
                                   §
VS.                                §     ACTION NO. 4:23-CV-675-Y
                                   §
TARLETON STATE UNIVERSITY,         §
LONN REISMAN, and AARON MEADE      §
```

<u>ORDER GRANTING MOTIONS TO DISMISS</u>

Pending before the Court is the Motion to Dismiss filed by defendants Tarleton State University ("TSU") and Lonn Reisman (doc. 52). Also pending before the Court is the Motion to Dismiss filed by defendant Aaron Meade (doc. 49). As of the date of this order, Plaintiff has failed to respond to either motion. *See* N.D. TEX. L. CIV. R. 7.1(e) (requiring a response to an opposed motion within twenty-one days after the motion is filed). After review of the motions, the Court concludes that they should be granted.

Plaintiff's amended complaint initially requests a declaratory judgment that his termination deprived him of "his property right in the position he held." (Pl.'s Am. Compl. (doc. 47) 5.) His second claim purports to be brought under 42 U.S.C. § 1983 for interference with his rights to procreate, to privacy, and to his reputation. It appears to the Court, however, that both claims against TSU and the individual defendants in their official capacities are viable, if at all, under 42 U.S.C. § 1983. That statute provides a private right of action for damages to any individual who is deprived of a constitutional right by a "person" acting under color of state law. 42 U.S.C. § 1983 (West 2012); *Stotter v. Univ. of Tex. at San Antonio*,

508 F.3d 812, 821 (5th Cir. 2007). But "neither a state [n]or persons acting in their official capacities are 'persons' under § 1983."[1] *Stotter,* 508 F.3d. at 812. And as the Court noted in its previous order (doc. 45), "state universities[,] as arms of the state[,] are not 'persons' under § 1983." *Id.*

As for Plaintiff's claims against the individual defendants in their individual capacity, the Court concludes, for the reasons urged by Defendants, that they are entitled to qualified immunity. Plaintiff has wholly failed to allege sufficient facts tending to demonstrate that either defendant Reisman or defendant Meade violated his constitutional rights. Plaintiff fails to sufficiently allege facts tending to demonstrate that he had a property right in his continued employment; indeed, the Memorandum of Understanding ("MOA") to which he points specifically states that it is nonbinding. Although he now contends that "TSU's office personnel" told him when he was hired that "each year they would bring him the next year's contract and if he signed it and gave it back to them, the contract would be renewed," that contention contradicts the plain language of the MOA. Nor does Plaintiff allege specific facts demonstrating that Reisman was responsible for or involved in the decision not to renew Plaintiff's contract, or that Reisman's and Meade's actions were not objectively reasonable in light of then-existing clearly established law.

For these reasons, the Court concludes that Defendants' motions

---

[1] "State officials in their official capacities, when sued for injunctive reilef, are 'persons' under § 1983." *Stotter*, 508 F.3d at 821. Plaintiff does not request injunctive relief, however, in his amended complaint.

should be and are hereby GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE to their refiling.

SIGNED January 16, 2025.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE